UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JDH UNLIMITED INC., 1:21-cv- 03118-WFK-RER

Plaintiffs,

-against-

APKZ MEDICAL INC., WESTERN MED SUPPLIES LLC, CHEK SHIN SHEN a/k/a JESSE SHEN, and JESSICA ROSE KOEHLER,

Defendants.
------------------------------------------------------------------X

**MEMORDANDUM OF LAW IN SUPPORT OF DEFEDNANT JESSICA ROSE KOEHLER'S ORDER TO SHOW CAUSE TO VACATE AND DISMISS**

Law Office of Frederic R. Abramson
*Attorneys for the Defendant*
*JESSICA ROSE KOEHLER*
160 Broadway, Ste. 500
New York, NY 10038
(212) 233-0666

Submitted by:
Frederic R. Abramson, Esq.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES……………………………………………………...…...iii

PRELIMINARY STATEMENT……………………………………………………….1

PROCEDURAL HISTORY AND STATEMENT OF FACTS………………………...1-2

ARGUMENT………………………………………………………………………...3

I. The Default Judgment is Void and Should be Vacated as the Court lacks Personal Jurisdiction over Koehler …………………………………………………………4-7

II. The Court Should Vacate the Entry of Default……………………………………7

1. Standard for Vacating the Entry of a Default……………………………7-8

2. Defendant Koehler Did Not Willfully Default……………..…………8-9

3. Defendant Koehler Possesses a Meritorious Defense…………………..9-10

4. Plaintiffs Will Suffer No Prejudice from Vacatur………………………...11

III. Additional Relief…………………………………………………………12

IV. Conclusion……………………………………………………………..12

# TABLE OF AUTHORITIES

## Cases

Allen v. Norman, No. 08 CIV. 6041 BSJ HBP, 2012 WL 3525584, at *7 (S.D.N.Y. July 23, 2012), report and recommendation adopted, No. 08 CIV. 6041 BSJ HBP, 2012 WL 3526521 (S.D.N.Y. Aug. 15, 2012), aff'd, 548 F. App'x 25 (2d Cir. 2013)……10

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)……7

Church, 2011 WL 4529605, at *4 (quoting State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, et al., 374 F.3d 158, 167 (2d Cir.2004))……10

Church & Dwight Co. v. Kaloti Enterprises of Michigan, L.L.C., No. 07 CIV. 0612 BMC, 2011 WL 4529605, at *7 (E.D.N.Y. Sept. 28, 2011) (Cogan, J.)……7

*CRT Inv. Ltd. v. BDO Seidman, LLP*, 85 A.D.3d 470, 471-72 (1st Dep't 2011)……5

*Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)*……3-4

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984)……7

*Ingraham v. Carroll*, 90 N.Y.2d 592, 597 (1997)……5,7

International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (citation omitted)……7

Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775, 104 S.Ct. 1473 (1984)……7

Kulko v. Superior Court of Cal., City and County of San Francisco, 436 U.S. 84, 93 (1978)……7

*McBride v. KPMG, Int'l*, 135 A.D.3d 576, 577 (1st Dep't 2016)……5

MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (Spatt, J.) (internal quotations omitted)……11

*Pecarsky v. Galaxiworld.com Ltd*, 249 F.3d 167, 171 (2d Cir. 2001)……3

Peters v. Peters, 101 A.D.3d 403, 403 (1st Dep't 2012)……6

*Peterson v. Syracuse Police Dep't,* 467 Fed. Appx. 31, 33-34 (2d Cir. 2012)……3

*"R" Best Produce, Inc. v. DiSapio,* 540 F.3d 115, 123 (2d Cir. 2008)……3,4

Shariff v. Amanda Realty, Inc., No. 11-CV-2547 SLT CLP, 2013 WL 5522444, at *8

(E.D.N.Y. Sept. 30, 2013)……………………………………………………………………10

*Sream Inc. v. Saakshi Enterprises Inc.*, No.16CV1408NGRML, 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017) (Gerson, J.)……………………………………..8,9

Sream, 2017 WL 2633510, at *1 (quoting Robinson v. Sanctuary Music, 383 Fed. Appx. 54, 58 (2d Cir. 2010))…………………………………………………………..8

Triad Energy Corp. v. McNell 110 F.R.D. 382 (S.D.N.Y. 1986)……………………………………9

U.S. Commodity Futures Trading Comm'n v. Safety Capital Mgmt., Inc., No. 15-CV-5551 (RJD)(PK), 2017 WL 3236441, at *2 (E.D.N.Y. July 31, 2017) (Kuo, M.J.) report and recommendation adopted (July 31, 2017) (quoting Enron, 10 F.3d at 95 (internal quotations omitted))………………………………8, 11

World—Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S.Ct. 559 (1980)………..7

**Statutes:**

CPLR § 302(a)(2)………………………………………………………………...……..5

CPLR § 302(a)(3)……………………………………………………………………………6

CPLR § 302(a)(3)(i)…………………………………………………………………………6

CPLR § 302(a)(3)(ii)……………………………………………………………………….4,5

Fed. R. Civ. P. 4(k)(a)…………………………………………………………4,5,7

Fed. R. Civ. P. 55(c)……………………………………………………………..3,8

Fed. R. Civ. P. 60(b)…………………………………………………………...3,7,8

## Preliminary Statement

Defendant Jessica Rose Koehler ("Koehler") by and through her attorneys, The Law Office of Frederic R. Abramson respectfully submits this memorandum of law in support of her Order to Show Cause pursuant to FRCP 60(b)(4) to vacate the default entered against her on February 1, 2022, dismissing the action against Koehler in its entirety for lack of personal jurisdiction, returning to Koehler all funds restrained and executed upon from Koehler's bank accounts or assets in connection with the February 1, 2022, judgment procured by plaintiff, lifting all restraints imposed upon Koehler's bank accounts and/or assets and for a stay of all enforcement efforts against Koehler by plaintiff, her counsel and the Sherriff and/or Marshall of Clarke County, State of Nevada in connection with the February 1, 2022 judgment.

## Procedural History and Statement of Facts

On or about July 1, 2021, plaintiff commenced the present action. (Abramson Decl. Ex. 1.) According to the complaint Plaintiff contracted with co-defendant APKZ to purchase Gloves. (Abramson Decl. Ex. 1 ¶ 15.) Defendant Koehler has no connection with the underlying lawsuit beyond her status as the ex-girlfriend of the co-defendant CHEK SHIN SHEN a/k/a JESSE SHEN ("Shen"). (Koehler Aff. ¶ 8.) Plaintiff claims that in two wires sent on February 1, 2021, and February 2, 2021, Plaintiff wired APKZ the aggregates sum $442,500 ("Plaintiff's Funds") for the purchase of the Gloves. Plaintiff's Funds were wired from Plaintiff's New York bank account at Chase Bank to APKZ's bank account at City National Bank of Florida. (Abramson Decl. Ex. 1, ¶ 16.) According to the Complaint, APKZ had no stock of gloves at all, and simply intended to subcontract with a third party for Gloves. (Abramson Decl. Ex. 1, ¶ 13.) Plaintiff claimed that on or about February 1, 2021, and February 2, 2021, APKZ wired the aggregate sum of $439,500 of Plaintiff's Funds from its account at City National Bank of Florida to

WESTERN's account at Chase Bank. (Abramson Decl. Ex. 1, ¶ 21.) According to the Complaint, neither APKZ or WESTERN provided gloves or the return of the funds. (Abramson Decl. Ex. 1, ¶ 23, 26.) Plaintiff claims against Koehler sounding in Conversion and Unjust Enrichment, claiming that Western Defendants deliberately and knowingly converted Plaintiff's Funds to their own use, with the intent of depriving Plaintiff the use and enjoyment of its rightful property and having enriched themselves at Plaintiff's expense by wrongfully taking Plaintiff's Funds for their own benefit and refusing to return the same to Plaintiff. (Abramson Decl. Ex. 1, ¶¶ 49, 53.)

On February 1, 2022, the Court entered a default judgment against Koehler and her co-defendants, jointly and severally, for a sum of $475,870.85, which is the sum of $439,500.00 in principal amount claimed plus pre-judgment interest at 9% from March 1, 2021. (Abramson Decl., Ex. 2.)

On April 19, 2022, her bank account at US Bank was restrained in connection with the judgement execution (Koehler Aff ¶ 17, Abramson Decl. Ex. 3.)

The default judgment entered against Koehler is void and should be vacated as plaintiff failed to secure personal jurisdiction over her pursuant to FRCP § 4(k)(a). The lack of personal jurisdiction further warrants dismissal of the action in its entirety. Koehler contends that she has meritorious defenses, denies the allegations against her of any wrongdoing, and argues plaintiff does not suffer any prejudice if the order is vacated.

Koehler respectfully request this Court to vacate the default judgment entered against her and dismiss the action in its entirety or, in the alternative, that the case be heard on its merits. Koehler further requests that the sums executed upon by the Sherriff should be returned to Koehler, that all restraints be lifted, and that plaintiff, their counsel and the Clark County, State

of Nevada Sherriff and/or Marshall be stayed from enforcing the judgment against Koehler.

**ARGUMENT**

The present motion pursuant to FRCP 60(b) should be granted on the grounds that the Court never obtained personal jurisdiction over her so the action should be dismissed in its entirety, that the default judgment is void, Koehler's lack of appearance was not willful, Koehler asserts meritorious defense and plaintiff is not prejudiced by an order to vacate.

Pursuant to Rule 55(c) "for good cause shown the court may set aside an entry of default and, if a judgment of default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b), in turn, sets forth various grounds under which a court may release a party from a default judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from operation of the judgment. Fed. R. Civ. P. 60(b). It is well settled, that a judgment is void where the court lacks personal jurisdiction over the defendant. *"R" Best Produce, Inc. v. DiSapio,* 540 F.3d 115, 123 (2d Cir. 2008). In addition, in its evaluation a court must consider equitable factors as well; specifically, "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer." *Pecarsky v. Galaxiworld.com Ltd*, 249 F.3d 167, 171 (2d Cir. 2001). However, a moving party does not need to prevail on all three factors to find good cause. *See Peterson v. Syracuse Police Dep't,* 467 Fed. Appx. 31, 33-34 (2d Cir. 2012). The law offers a "preference for resolving disputes on the merits to uphold equitable justice." *Enron Oil Corp. v.*

*Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).* Consequently, doubt "should be resolved in favor of the defaulting party." *Id* 96.

As set forth below, Koehler's requested relief should be granted as the Court lacks personal jurisdiction, the default judgment is void, Koehler's lack of answer was not willful, Ms. Koehler asserts a meritorious defense and there is no prejudice to the plaintiff.

**I.**

**THE DEFAULT JUDGMENT IS VOID AND SHOULD BE VACTED AS THE COURT LACKS PERSONAL JURISDICTION OVER THE KOEHLER**

A judgment is void where the court lacks personal jurisdiction over the defendant. *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008). Here, personal jurisdiction was not effectuated over Koehler because the Court does not have jurisdiction over her pursuant to Fed. R. Civ. P. 4(k)(a) by way of CPLR § 302(a)(3)(ii).

Under CPLR § 302(a)(3) personal jurisdiction is proper by acts of non-domiciliaries (a) as to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue

from interstate or international commerce; or 4. owns, uses or possesses any real property situated within the State.

The Complaint alleges in paragraph 3 that Defendant Western Med Supplies LLC (Western) is a Nevada Limited Liability Company. (Abramson Decl. Ex. 1.) The Complaint also alleges in paragraph 5 Koehler is a resident of Nevada. (Abramson Decl. Ex. 1.) Beyond that, the Complaint is virtually bereft of any allegations as against Koehler, let alone any allegations to suggest Koehler is subject to personal jurisdiction in New York. (Abramson Decl. Ex. 1.)

There is, in fact, absolutely no basis to personal jurisdiction in New York. The fact is Plaintiff alleges as a basis for personal jurisdiction, in wholly conclusory fashion, that personal jurisdiction is proper under FRCP § 4(k)(a) by way of CPLR § 302(a)(3)(ii) by improperly citing the statute, claiming (i) Defendants have committed tortious acts without the state of New York causing injury to the Plaintiff within the state of New York, (ii) Defendants expected or should reasonably have expected their acts to have consequences in the state of New York, and (iii) upon information and belief, each of the defendants derive substantial revenue from interstate and/or international commerce. (Abramson Decl. Ex. 1, Comp. ¶ 8.) This allegation is an unsupported attempt to invoke CPLR 302(a)(3), which provides for personal jurisdiction over a foreign person causing injury to a person or property within New York if and only if that person (i) regularly does business or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York, or (ii) expects or should reasonably expect the act to have consequences in New York and derives substantial revenue from interstate commerce.[1] None of these elements were alleged

[1] CPLR § 302(a)(2) provides that a New York court may exercise personal jurisdiction over a defendant that "commits a tortious act within the state." The Court may not exercise personal jurisdiction over a defendant pursuant to CPLR 302(a)(2) when the alleged tort occurred outside of New York, even if it causes injury within New York.

in the Complaint.

Koehler is a Nevada resident, never resided in New York, never transacted any business in New York, never received any revenue in New York, owns no property in New York, and has no relation to New York whatsoever. (Koehler Aff. ¶¶ 3, 4, 11, 13.) Koehler has no connection with the underlying matter beyond being the ex-girlfriend of the co-defendant Shen. (Koehler Aff. ¶ 16.) Koehler is not even a member of Defendant Western Medical Supplies, LLC. (Koehler Aff. ¶ 5.) Given these facts, it is difficult to imagine how any act could have caused the plaintiff injury within New York.

Moreover, CPLR § 302(a)(3)(i) "necessitates some ongoing activity within New York State" before this Court's jurisdiction may be invoked. Ingraham v. Carroll, 90 N.Y.2d 592, 597 (1997) (emphasis in original). "In the context of a commercial tort, where the damage is solely economic, the situs of commercial injury is where the original critical events associated with the action or dispute took place, not where any financial loss or damages occurred." CRT Inv. Ltd. v. BDO Seidman, LLP, 85 A.D.3d 470, 471-72 (1st Dep't 2011); see McBride v. KPMG, Int'l, 135 A.D.3d 576, 577 (1st Dep't 2016). There is not a single allegation that the Koehler did anything in New York. The reason for this is simple — she did not. (Koehler Aff.)

Further, even if plaintiff could somehow be deemed to have suffered an injury in New York, CPLR § 302(a)(3) would still provide no basis for jurisdiction. Koehler has never transacted or solicited business in New York, or derived any revenue from New York, nor could she reasonably have expected anything they are alleged to have done outside of New York to

Peters v. Peters, 101 A.D.3d 403, 403 (1st Dep't 2012) (court lacked personal jurisdiction over defendant because alleged wrongful disbursements took place outside of New York and plaintiff failed to allege a tort within New York). Plaintiffs do not specifically plead CPLR 302(a)(2) as a basis for jurisdiction and they are unable to do so because the Koehler is not alleged to have committed any wrongdoing while present in New York.

have consequences there.[2] Further as personal jurisdiction was not obtained over her in accordance with Federal Rules of Civil Procedure Rule 4 (k), the action against Koehler should be dismissed.

Accordingly, the Court should enter an order vacating the default judgment and dismissing the action against her in its entirety.

II.

**THE COURT SHOULD VACATE THE ENTRY OF THE DEFAULT**

**1. Standard for Vacating the Entry of a Default.**

Defendant Koehler respectfully request that the Court vacate the entry of defaults against her. This Court has noted the "strong public policy in favor of adjudicating this case on the merits." Church & Dwight Co. v. Kaloti Enterprises of Michigan, L.L.C., No. 07 CIV. 0612 BMC, 2011 WL 4529605, at *7 (E.D.N.Y. Sept. 28, 2011) (Cogan, J.). Because "defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, "good cause" and the criteria of the Rule 60(b) set aside should be construed generously." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Importantly, the standard for vacating an

[2] Even if the Complaint is found to contain allegations sufficient to establish personal jurisdiction under New York law, it does not establish minimum contacts to satisfy the Due Process Clause of the Fourteenth Amendment, which constrains a State's authority. World—Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S.Ct. 559 (1980). A nonresident must have "certain minimum contacts . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (citation omitted). That inquiry focuses on the relationship among the defendant, the forum, and the litigation. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775, 104 S.Ct. 1473 (1984). To satisfy due process, the defendant's relationship with the State must arise out of contacts that the "defendant himself' creates. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The Supreme Court has thus consistently rejected attempts to satisfy the "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984); Kulko v. Superior Court of Cal., City and County of San Francisco, 436 U.S. 84, 93 (1978) (declining to find personal jurisdiction in a State merely because the plaintiff in a child support action was residing there).

entry of default pursuant to Fed.R.Civ.P.55(c), which requires a party to show "good cause," is "less rigorous" than vacating a default judgment pursuant to Rule 60(b). Sream Inc. v. Saakshi Enterprises Inc., No.16CV1408NGRML, 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017) (Gerson, J.). Although the "dispositions of motions to vacate an entry of default are left to the sound discretion of a district court, the Second Circuit maintains an oft-stated preference for resolving disputes on the merits." U.S. Commodity Futures Trading Comm'n v. Safety Capital Mgmt., Inc., No. 15-CV-5551 (RJD)(PK), 2017 WL 3236441, at *2 (E.D.N.Y. July 31, 2017) (Kuo, M.J.) report and recommendation adopted (July 31, 2017) (quoting Enron, 10 F.3d at 95 (internal quotations omitted)). A defendant attempting to vacate the entry of a default must show "good cause," which "requires a court to weigh: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." Id., at *1. "A court may also consider relevant equitable factors, including whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Sream, 2017 WL 2633510, at *1 (quoting Robinson v. Sanctuary Music, 383 Fed. Appx. 54, 58 (2d Cir. 2010)).

**2. Defendant Koehler Did Not Willfully Default.**

Although Koehler failed to timely respond to the Complaint, she did not willfully default. Willfulness in this context refers to conduct that is "more than merely negligent or careless." Sream, 2017 WL2633510, at *2. Rather, "the defaulting party must have engaged in deliberate or egregious conduct." U.S. Commodity Futures, 2017 WL 3236441, at *2. Here, Koehler did not willfully default and attempted to defend this action. Since Koehler had not been sued before, she genuinely believed that the lawsuit asserted by Plaintiff against her was meritless

and that the Court would dismiss it. (Koehler Aff., ¶ 16.) Koehler has no connection with any of the parties beyond her status as ex-girlfriend of the co-defendant Mr. Shen. (Koehler Aff., ¶ 8.) When she brought this to the attention of her ex-boyfriend, she referred me to his attorney, David Winterton, Esq, whose office is located at 7881 W Charleston Blvd Suite 220 Las Vegas, NV 89117. (Koehler Aff., ¶ 16.) It was her understanding that Mr. Winterton's law office, who stated to her that he was representing defendants Mr. Shen and Western Medical Supplies, LLC. would also represent her. *id.* Mr. Winterton stated to her that he would be able to get this matter dismissed on her behalf since she has no connection to this matter. *id.* These are not the actions of an individual who wishes to ignore a lawsuit. Koehler therefore did not willfully default. Koehler's reasons for not timely filing answer, while incorrect, were believed in good faith. Sream, 2017 WL 2633510, at *1 (noting that a court may take into account the defendant's good faith reasons for defaulting).

Accordingly, she respectfully requests the Court vacate the default judgment and, in the event the Court denies the application for dismissal of the action, adjudicate the case on the merits.

**3. Defendant Koehler Possess a Meritorious Defense.**

It is well settled that a "void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process." Triad Energy Corp. v. McNell 110 F.R.D. 382 (S.D.N.Y. 1986). The default judgment entered against Defendants on February 1, 2022, is void because the Court does not have personal jurisdiction over this lawsuit. Therefore, Koehler need not assert a meritorious defense in support of the order to show cause to vacate the default judgment as personal jurisdiction was not established against her. Nonetheless Koehler asserts that he has meritorious defenses to this action as she denies the

allegations against her and any wrongdoing. (Koehler Aff.) Accordingly, she respectfully requests the Court vacate the default judgment and, in the event the Court denies the application for dismissal of the action, adjudicate the case on the merits.

Even if the Court finds that Defendants' default was willful, it should vacate the default because Defendant Koehler possess a meritorious defense and Plaintiffs would not be prejudiced. Allen v. Norman, No. 08 CIV. 6041 BSJ HBP, 2012 WL 3525584, at *7 (S.D.N.Y. July 23, 2012), report and recommendation adopted, No. 08 CIV. 6041 BSJ HBP, 2012 WL 3526521 (S.D.N.Y. Aug. 15, 2012), aff'd, 548 F. App'x 25 (2d Cir. 2013) (noting that even though defendant willfully defaulted, "it is excusable because plaintiff will not suffer the requisite prejudice if the default is set aside, and [the defendant] has a complete defense to plaintiff's claims . . . ."); Shariff v. Amanda Realty, Inc., No. 11-CV-2547 SLT CLP, 2013 WL 5522444, at *8 (E.D.N.Y. Sept. 30, 2013) (vacating the entry of default despite an "egregious" default). Defendants possess a strong defense in this action and should be permitted to assert it. To establish a meritorious defense, Defendants do "not need to show that their defense will carry the day." Church, 2011 WL 4529605, at *4 (quoting State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, et al., 374 F.3d 158, 167 (2d Cir.2004)). Rather, the standard simply requires that the "evidence submitted, if proven at trial, would constitute a complete defense." Id. (quoting Enron, 10 F.3d at 98) (internal quotations omitted).

Defendants have a particularly strong defense, namely that she has absolutely nothing to do with this matter. She is not a party to any agreement with any of the parties in this action. (Koehler Aff. ¶ 9.) Koehler has no connection to the Plaintiff or the Defendant APKZ MEDICAL INC. (Koehler Aff. ¶ 9.) Koehler has no connection with defendant

Western Med Supplies, LLC and she was never employed or had any membership interest in the Company. (Koehler Aff. ¶ 5.) Koehler does not even own a business. (Koehler Aff. ¶ 10.) The sole reason she was named in this action was due to her status as the ex-girlfriend of Defendant Shen. (Koehler Aff. ¶ 8.) Defendant therefore established a meritorious defense.

**4. Plaintiffs Will Suffer No Prejudice From Vacatur.**

Finally, Plaintiffs will not suffer prejudice if the Court vacates the default. "Whether the non-defaulting party would be prejudiced by vacating a default has been described as the single most persuasive reason to deny a motion to vacate." U.S. Commodity, 2017 WL3236441, at *3 (internal quotations omitted). "Prejudice results when delay causes the loss of evidence, creates increased difficulties of discovery or provides greater opportunity for fraud and collusion." MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (Spatt, J.) (internal quotations omitted).

Here, Plaintiffs cannot point to any prejudice they would suffer if the Court vacates the default and permits the case to proceed. No evidence has been lost. The only possible harm would be delay, but mere delay alone does not establish prejudice. MD Produce, 304 F.R.D. at 110 (finding no prejudice despite a delay of over a year); U.S. Commodity, 2017 WL 3236441, at *3 (noting that "delay alone is not a sufficient basis for establishing prejudice."). Accordingly, Plaintiffs cannot establish prejudice over a year); U.S. Commodity, 2017 WL 3236441, at *3 (noting that "delay alone is not a sufficient basis for establishing prejudice.").

Accordingly, Plaintiffs cannot establish prejudice. Koehler requests that the Court vacate the default judgment and in the event the Court denies the application for dismissal of the actin, adjudicate the case on its merits.

**III.**

**ADDITIONAL RELIEF**

As the default judgment entered against Koehler is void, the restraint upon her bank account and any assets should be lifted and the sums executed upon from those accounts should be returned to her. (Koehler Aff., Ex. C.; Abramson Decl., Ex. 3.) Koehler further seeks an order directing plaintiff, their counsel, and the Clark County, State of Nevada Sherriff's office to cease and desist from any efforts to enforce the judgment entered against Koehler on February 1, 2022. In the event the Court denies the request for return of the funds, it is respectfully requested that the Court issue an order directing plaintiff's counsel to hold the funds in escrow pending an adjudication of this matter.

**IV.**

**CONCLUSION**

For the foregoing reasons, Koehler respectfully requests that the court issue an order vacating the default judgment, returning all funds executed upon in connection with the February 1, 2022, judgment procured by plaintiff, lifting of the restraint imposed upon Koehler's US Bank account, cease and a staying of all enforcement efforts against Koehler by plaintiff, her counsel and the Sherriff and/or Marshall of Clarke County, State of Nevada in connection with the February 1, 2022, judgment, and granting such other and further relief as the Court deems proper.

Dated: New York, NY
June 28, 2022

Law Office of Frederic R. Abramson

By: /s/ Frederic R. Abramson

Frederic R. Abramson (fa-3918)
*Attorneys for the Defendant*
*Jessica Rose Koehler*
160 Broadway, Ste. 500
New York, NY 10038

fabramson@abramsonlegal.com
212-233-0666